UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY WATTS** | **CIVIL ACTION NO: 23-CV-4776** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **GEOVERA SPECIALTY INSURANCE CO.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant GeoVera Specialty Insurance Co. ("Defendant"). R. Doc. 16. The motion is unopposed. For the reasons assigned below, it is ordered that Defendant's motion is **GRANTED**.

## BACKGROUND

On August 29, 2023, Plaintiff Mary Watts ("Plaintiff") filed suit in this Court alleging breach of contract and bad faith penalty claims against Defendant for its alleged failure to pay an insurance claim following damage to Plaintiff's home during Hurricane Ida. R. Doc. 1. Thereafter, the parties began litigating this matter under the Eastern District of Louisiana's Case Management Order ("CMO") designed specifically for cases relating to Hurricane Ida. R. Docs. 4-6 and 10. Pursuant to the CMO, as amended, the parties were required to provide initial disclosures within forty-five days of Defendant's responsive pleading. R. Doc. 6 at 3. GeoVera filed its answer on October 16, 2023. R. Doc. 8.

On May 20, 2024, Defendant filed the instant motion, arguing Plaintiff's claims should be dismissed for failure to produce initial disclosures. R. Doc. 16. Plaintiff did not file an opposition to Defendant's motion contesting her failure to produce the initial disclosures or seek an extension. On July 8, 2024, the Court ordered Defendant to produce her initial disclosures on or before July 12, 2024. R. Doc. 19. After this deadline lapsed, Defendant filed a notice into the record informing

the Court that Plaintiff had failed to comply with the Court's July 8, 2024 Order to produce her initial disclosures and renewed its prayer that the Court dismiss Plaintiff's claims.

## LAW AND ANALYSIS

Under Federal Rule of Procedure 41, a defendant may move for dismissal of a plaintiff's claims if the plaintiff fails to prosecute her case or fails to comply with the Federal Rules of Civil Procedure. FED. R. CIV. P. 41. The Fifth Circuit has found that a plaintiff's failure to comply with a CMO may lead to dismissal of her claims when "(1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) lesser sanctions would not . . . serve the best interests of justice." *Peters v. Scottsdale Ins. Co.*, 2024 WL 326653, at *2 (W.D. La. Jan. 29, 2024) (quoting *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359, 360 (5th Cir. 2020)) (cleaned up and internal quotations omitted).

Here, as Defendant points out, Plaintiff's initial disclosures have not been produced, despite being due nearly eight months ago. The record shows Defendant made Plaintiff aware of the missing disclosures on March 25, 2024, but that Plaintiff nevertheless continually failed to produce them, despite multiple follow-ups by Defendant, including email correspondence on June 12, 2024, June 17, 2024, and June 19, 2024. R. Docs. 16-5, 16-8, and 16-9. On June 20, 2024, Defendant filed the instant motion, once again bringing Plaintiff's attention to the missing disclosures. R. Doc. 16. Not only did Plaintiff fail to furnish the initial disclosures following Defendant's motion, but Plaintiff did not even respond to the instant motion. On July 12, 2024, Plaintiff once again failed to furnish the initial disclosures, this time in violation of the Court's order to do so. R. Docs. 19 and 20. Based on the foregoing, the Court finds Plaintiff's repeated failures to comply with the Court's orders—both the CMO and the Court's July 8, 2024 Order—constitutes contumacious conduct. Like other courts have found in factually similar situations,

"[t]he Court cannot conceive how 'lesser sanctions,' which would permit Plaintiff to effect further delays and deprive Defendant of the information necessary to prepare and defend the case, would 'serve the best interests of justice.'" *Samuel Lewis v. Geovera Specialty Ins. Co.*, No. 23-CV-6793, R. Doc. 18 (E.D. La. May 16, 2024); *see Bellard v. United Nat'l Ins. Co.*, 2023 WL 3010308, at *2 (W.D. La. Apr. 19, 2023) (granting Rule 41(b) motion to dismiss based on plaintiff's failure to produce discovery disclosures, request an extension, or oppose defendant's motion to dismiss).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (R. Doc. 16) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.[1]

New Orleans, Louisiana, this 22nd day of July 2024.

*[signature]*

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[1] A dismissal under Rule 41(b), provided it is not a dismissal for lack of jurisdiction, improper venue, or failure to join a party, is considered an adjudication on the merits. FED. R. CIV. P. 41(b).